SANDFORD L. FREY (State Bar No. 117058)
CREIM MACIAS KOENIG & FREY LLP
633 W. Fifth Street, 51st Floor
Los Angeles, CA 90071
(213) 614-1944 Telephone
(213) 614-1961 Fax
sfrey@cmkllp.com

Reorganization Attorneys for Story Building, LLC,
Debtor and Debtor in Possession,

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### [SANTA ANA DIVISION]

| | |
|---|---|
| In re | CASE NO.: 8:10-bk-16614-ER |
| | Chapter 11 |
| STORY BUILDING LLC, | **CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY DEBTOR, STORY BUILDING LLC** |
| Debtor and Debtor in Possession. | [*Dated November 12, 2010*] |

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 2

II.   DEFINITIONS AND RULES OF CONSTRUCTION .......................... 3

III.  CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ........ 3

    A.    GENERAL OVERVIEW ............................................................. 3

    B.    UNCLASSIFIED CLAIMS ........................................................... 3

        1.    Administrative Expenses .............................................. 3

        2.    Priority Tax Claims ..................................................... 6

    C.    CLASSIFIED CLAIMS AND INTERESTS ....................................... 7

        1.    Classes Of Secured Claims .......................................... 7

        2.    Classes of Other Secured Claims ................................ 17

        3.    Classes Of Priority Unsecured Claims ......................... 19

        4.    Classes Of General Unsecured Claims ......................... 19

        5.    Class of Interest Holders ............................................ 21

    D.    MEANS OF EFFECTUATING THIS PLAN ................................... 22

        1.    Funding For This Plan ............................................... 22

        2.    Post-Confirmation Management .................................. 22

        3.    Claims Resolution Process ......................................... 23

        4.    Disbursing Agent/distributions ................................... 24

        5.    Miscellaneous Issues Regarding Plan Distributions ....... 24

        6.    Execution of Documents ............................................ 25

IV.   TREATMENT OF MISCELLANEOUS ITEMS .............................. 26

    A.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES ................. 26

        1.    Assumptions ............................................................. 26

        2.    Rejections ................................................................ 26

    B.    CHANGES IN RATES SUBJECT TO REGULATORY COMMISSION APPROVAL ..... 26

    C.    RETENTION OF JURISDICTION .................................................. 27

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

i

     D.      RESERVATION OF RIGHTS/LITIGATION ....................................................28

     E.      POST CONFIRMATION U.S. TRUSTEE FEES AND IDENTITY OF THE ESTATE REPRESENTATIVE ...........................................................................................29

     F.      POST-CONFIRMATION CLAIMS OF DEBTOR................................................29

V.     OTHER PLAN PROVISIONS .....................................................................................29

     A.      EXCULPATION:  NO LIABILITY FOR SOLICITATION OR PROSECUTION OF CONFIRMATION. ..........................................................................................29

     B.      REVOCATION OF PLAN/NO ADMISSIONS...................................................29

     C.      EXEMPTION FROM CERTAIN TRANSFER TAXES..........................................30

     D.      LOCAL RULES 3020-1(B)........................................................................30

     E.      SUCCESSORS AND ASSIGNS....................................................................30

     F.      SATURDAY, SUNDAY OR LEGAL HOLIDAY. ..............................................30

     G.      HEADINGS. ............................................................................................31

     H.      SEVERABILITY OF PLAN PROVISIONS.......................................................31

     I.      GOVERNING LAW. ..................................................................................31

     J.      NO DISTRIBUTION WITH RESPECT TO DISPUTED CLAIMS .........................31

     K.      SETOFF, RECOUPMENT AND OTHER RIGHTS. ............................................32

VI.    EFFECT OF CONFIRMATION OF PLAN ....................................................................32

     A.      DISCHARGE ...........................................................................................32

     B.      INJUNCTION ..........................................................................................33

     C.      VESTING OF PROPERTY IN REORGANIZED DEBTOR...................................33

     D.      MODIFICATION OF PLAN .........................................................................33

     E.      SUCCESSORS AND ASSIGNS....................................................................34

     F.      OTHER ASSURANCES ..............................................................................34

     G.      CONFIRMATION REQUEST .......................................................................34

     H.      FINAL DECREE .......................................................................................34

SCHEDULE I DEFINITIONS .....................................................................................35

SCHEDULE II RULES OF CONSTRUCTION .................................................................43

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

I:\slf\20131 (Story Bldg)\Plan of Reorganization.doc

# I.

## **INTRODUCTION**

The Debtor is a real estate management company with its principal place of business in Irvine California. Among other things, the Debtor owns and operates the Story Building Property, which is a 13 story historical building located in Downtown, Los Angeles. The Story Building is primarily utilized as a jewelry plaza.

On the Petition Date, the Debtor commenced its bankruptcy case by filing in this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Bankruptcy Code allows a debtor, and under some circumstances, creditors and other parties in interest, to propose a plan of reorganization in Chapter 11. The plan of reorganization may provide for a debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both.

This document is the Plan proposed by the Debtor in this Case. Contained in the same envelope as this document is the Disclosure Statement, which has been approved by the Court, and which is provided to help you understand this Plan. All Creditors and equity security holders are encouraged to read thoroughly this Plan and the Disclosure Statement before voting to accept or reject this Plan. No solicitation materials, other than the Disclosure Statement and related materials being transmitted with this Plan have been authorized by the Court for use in soliciting acceptances or rejections of this Plan.

This is a reorganizing plan. In other words, the Proponent seeks to have the Debtor restructure and satisfy the Debtor's obligations to Creditors, and to continue its business on the terms set forth in this Plan.

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE PLAN, NO DISTRIBUTION WILL BE MADE AND NO RIGHTS WILL BE RETAINED ON ACCOUNT OF ANY CLAIM OR INTEREST THAT IS NOT AN ALLOWED CLAIM OR INTEREST.**

/ / /

/ / /

/ / /

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

## II.

## DEFINITIONS AND RULES OF CONSTRUCTION

The definitions set forth in Schedule I are used in this Plan and also in the Disclosure Statement. The rules of construction set forth in Schedule II apply to this Plan and also to the Disclosure Statement.

## III.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

A.    GENERAL OVERVIEW

As required by the Bankruptcy Code, this Plan classifies Claims and Interests into various Classes according to their right to priority. This Plan states whether each Class of Claims or Interests is impaired or unimpaired. This Plan provides the treatment each Class will receive.

B.    UNCLASSIFIED CLAIMS

Certain types of Claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on this Plan because they are automatically entitled to specific treatment as provided for them in the Bankruptcy Code. As such, the Plan Proponents have not placed the following Claims in a Class.

1.    Administrative Expenses

Administrative expenses are Claims for costs or expenses of administering Debtor's Chapter 11 Case which are allowed under Code Sections 503(b) and 507(a)(1), including, without limitation, (i) the actual, necessary costs and expenses incurred after the commencement of Debtor's Chapter 11 Case, including unpaid property tax and other tax Claims, and (ii) compensation for legal and other services and reimbursement of expenses awarded pursuant to Sections 330(a), 331 or 1103 of the Bankruptcy Code. The Bankruptcy Code requires that all Administrative Claims be paid on the Effective Date of this Plan, unless a particular claimant agrees to a different treatment.

The extent and amount of Administrative Claims listed below are a projection of amounts reasonably expected to be unpaid as of the Effective Date, and will be supplemented based upon fee applications filed by the professionals, and actual claims of the county tax collector, if any.

/ / /

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

The following chart lists all of Debtor's Section 503(b) and Section 507(a)(1) Administrative Claims and their treatment under this Plan:

| Name | Balance Owed As Allowed On An Interim Basis In Prior Fee Applications | Additional Estimated Accruals by Effective Date | Treatment |
|---|---|---|---|
| Creim Macias Koenig & Frey LLP | $45,000 | $25,000 | Unless otherwise agreed by the administrative claimant, payment in full of Allowed Claim, in Cash, on the later of the Effective Date or the date allowed by the Court. |
| Accountants. | $0 | $15,000 | Unless otherwise agreed by the administrative claimant, payment in full of Allowed Claim, in Cash, on the later of the Effective Date or the date allowed by the Court |
| Appraiser[†]/Experts | $0 | $25,000 | Unless otherwise agreed by the administrative claimant, payment in full of Allowed Claim, in Cash, on the later of the Effective Date or the date allowed by the Court. |
| Clerk's Office Fees | $2,500 | | Unless otherwise agreed by the administrative claimant, payment in full of Allowed Claim, in Cash, on the later of the Effective Date or the date allowed by the Court. |
| Office of the U.S. Trustee Fees | $5,000 | | Unless otherwise agreed by the administrative claimant, payment in full of Allowed Claim, in Cash, on the later of the Effective Date or the date allowed by the Court. |
| | Actual | Projected | Total |
| TOTAL ADMINISTRATIVE EXPENSES | $45,000 | $72,500 | $117,500 |

The aggregate amount of Cash required to pay in full all of the foregoing Administrative Claims as well as the amount necessary to pay the Allowed Administrative Real Estate

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

Tax Claims for the Story Building (set forth below) is referred to hereinafter collectively as the "Administrative Claims Funding Amount".

The following chart lists all of Debtor's unpaid post-petition property tax and other tax Claims and their treatment under this Plan:

| Name | Amount Owed (Estimated) | Treatment |
|---|---|---|
| Unpaid Balance of Post-Petition Real Property Taxes and Penalties Accrued Thereon | $0 | Unless otherwise agreed by the administrative claimant, payment in full of Allowed Claim, in Cash, on the later of the Effective Date or the date allowed by the Court. |
| **TOTAL OTHER ADMINISTRATIVE EXPENSES** | $0 | |

The aggregate amount of Cash required to pay in full Administrative Claims Funding Amount is approximately $117,500, which will be paid first from Cash on hand and the New Value Contribution.

a.    Court Approval of Fees Required

The Court must rule on all fees listed in the above chart before the fees will be Allowed. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application for all such fees and costs incurred prior to the Effective Date. Only the amount of fees allowed by the Court will be Allowed and required to be paid under this Plan.

Notwithstanding the foregoing or any provision to the Plan or Disclosure Statement to the contrary, professional fees incurred after the Effective Date may be billed and paid by the Reorganized Debtor in the ordinary course of business without prior Court authorization.

b.    Allowance Of Other Administrative Claims

Pursuant to this Plan the Bar Date for Asserting Administrative Claims and Requiring Proofs of Claim for Post-Petition, Administrative Claims (the "Administrative Bar Date")

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

1    shall be fixed as a date set forth in the Confirmation Order which is a date which is at least sixty (60)

2    days following the Effective Date, and shall be the deadline date by which all claims allowable

3    pursuant to 11 U.S.C. § 503(b), must have been asserted in this case or are forever barred. All such

4    claims must have been asserted by the filing of a proof of claim (i) designated as a request for payment

5    of Administrative Expenses, (ii) asserting that such Claim is allowable pursuant to 11 U.S.C. § 503(b),

6    (iii) stating the amount of the Claim, (iv) stating the basis of the Claim, and (v) attaching

7    documentation in support of the Claim. All such requests for payment of Administrative Claims and

8    applications for final allowance of compensation and reimbursement of expenses will be subject to the

9    authorization and approval of the Court.    HOLDERS OF ADMINISTRATIVE CLAIMS

10   (INCLUDING, WITHOUT LIMITATION, PROFESSIONALS) REQUESTING COMPENSATION

11   OR REIMBURSEMENT OF EXPENSES THAT DO NOT FILE SUCH REQUESTS BY THE

12   APPLICABLE BAR DATE SHALL BE FOREVER BARRED FROM ASSERTING SUCH CLAIMS

13   AGAINST DEBTOR, DEBTOR'S ESTATE, REORGANIZED DEBTOR OR THE PROPERTY OF

14   REORGANIZED DEBTOR. Any objection to Administrative Claims of professionals shall be filed

15   on or before the date specified in the application for final compensation and reimbursement of

16   expenses. Any objection to any other Administrative Claim must be filed within 120 days from the

17   date such Administrative Claim is filed.

18        2.    Priority Tax Claims

19        Priority Tax Claims are certain unsecured income, employment and other taxes

20   described by Bankruptcy Code Section 507(a)(8). The Bankruptcy Code requires that each Holder of

21   such a Section 507(a)(8) Priority Tax Claim receive the present value of such Claim in deferred Cash

22   payments, over a period not exceeding six years from the date of the assessment of such tax. Although

23   the class exists primarily for Claim for real property taxes, the Debtor believes that there are no

24   Section 507(a)(8) Priority Tax Claims which exists. The Internal Revenue Service has filed a claim

25   (Claim 1) for $995.45 in priority taxes and $600 in unsecured tax claims. Therefore, such claim is

26   provided for below in the event that the Debtor cannot resolve such Claim.

27        The following chart lists all of Debtor's Section 507(a)(8) Priority Tax Claims and their

28   treatment under this Plan.

| Description | Amount Owed | Treatment |
|---|---|---|
| County Assessor of Los Angeles Pre-petition property taxes | $0 | Unless otherwise agreed by Reorganized Debtor and claimant, the holder of the Allowed Claim in this class shall receive in Cash, the full amount of the Allowed Claim plus interest at the rate of 4% accruing as of the Effective Date, in ten (10) biannual installments on Sept 30 and April 30 (or the first Business Day thereafter) commencing on the first such date which is at least 90 days following the Effective Date and continuing on each such date thereafter.  Notwithstanding the foregoing, the final payment of the Allowed Claim shall be made on a date which is not more than 5 years after the Petition Date.  In the sole and absolute discretion of the Debtor or Reorganized Debtor, the Allowed Claim in this Class may be paid in full at any time on or after the Effective Date. |
| Internal Revenue Service | $995.45 | Unless otherwise agreed by the administrative claimant, payment in full of Allowed Claim, in Cash, on the later of the Effective Date or the date allowed by the Court. |

### C.    CLASSIFIED CLAIMS AND INTERESTS

1.    Classes Of Secured Claims

Secured Claims are Claims secured by liens on property of the Estate. The following chart lists all Classes containing Debtor's secured pre-petition Claims and their treatment under this Plan:

| CLASS NO. | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1A | WELLS  Collateral description = Security interest in the Wells Collateral  Schedule A Collateral value = $19,290,000  Scheduled D Claim amount = $11,561,304.78 | No. | Class 1 is impaired. | On the Effective Date, the Story Building Property shall be vested in the Reorganized Debtor, subject to the lien securing the Allowed Claim of Class 1A, to the extent that the value of the claimholder's interest in the collateral as determined under Bankruptcy Code §506(a) .  On the Effective Date or as soon thereafter as practicable, the holder of |

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

| CLASS NO. | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | | | | the Allowed Class 1A Claim shall receive on account of such Allowed Claim: |
| | | | | (1) the lien to which the holder of such Allowed Class 1A Claim is entitled shall remain in place; and, |
| | | | | (2) deferred cash payments totaling the Allowed Class 1A Claim, of a value, as of the Effective Date equal to Well's interest in the Wells Collateral, paid as follows: |
| | | | | (A) Thirty-Six (36) *Class 1A Interest Payments*, commencing on a date which is the first Business Day after the eleventh (11th) day of the first full month after the Effective Date, and continuing on the eleventh (11th) day of each consecutive month thereafter (or the first Business day thereafter if the 11th day falls on a weekend or holiday); |
| | | | | (B) Thirty-Six (36) *Class 1A Amortization Payments*, commencing on a date which is the first Business Day after the eleventh (11th) day of the thirty-seventh month after the Effective Date, and continuing on the eleventh (11th) day of each consecutive month thereafter (or the first Business day thereafter if the 11th day falls on a weekend or holiday); and, |
| | | | | (C) One (1) final payment for the balance of the Allowed Claim in full on or before February 11, 2017. |
| | | | | The Court shall determine the appropriate interest rate to be applied to the future payment stream to be made after the Effective Date. |
| | | | | On the Effective Date, (i) any and all non-monetary defaults shall be deemed |

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

| CLASS NO. | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | | | | cured and waived as of the Effective Date; (ii) the Allowed Claim of Class 1A may be paid any time after the Effective Date and before maturity; (iii) notwithstanding any provision of the Loan Documents (including, without limitation, the Note and Deed of Trust), the holder of the Class 1A Claim shall not be entitled to receive a fees, charge, penalty or other payment as a consequence of early payment of the Note prior to the maturity date or upon sale of the Story Building Property or any other Wells Collateral, including, without limitation a payment of unmatured interest, prepayment penalty, liquidated damages or any other similar penalty, fee or other charge; (iv) any monetary defaults shall be added to the principal balance of the Allowed Claim/Note; (v) the treatment hereunder with respect to such holder's Allowed Class 1A Claim, shall be without recognition of any default rate of interest, or similar penalty or charge, and upon the Effective Date, no default shall exist; and, (vi) the reinstatement of the maturity of such Allowed Class 1A Claim as the maturity existed before any default, without recognition of any default rate of interest or similar penalty or charge. <br><br> After the Effective Date, if, and only if, the Reorganized Debtor has failed to deliver to the holder of the Class 1A Allowed Claim an aggregate of two (2) *Class 1A Interest Payments* or two (2) *Class 1A Amortization Payments*, as applicable, which are due after the Effective Date, the holder of the Class 1A Allowed Claim shall have the right to declare a default under the Plan and institute foreclose proceedings by recording a Notice of Default and thereafter proceed with non-judicial foreclosure of the Story Building Property in accordance with, and pursuant to, the applicable provision of its deed of trust and California law, and after delivery to the Reorganized Debtor and Debtor's Counsel fifteen (15) days written notice of such default and intent to foreclosure ("Class 1A |

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

| CLASS NO. | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|-----------|-------------|----------------|----------------|-----------|
| | | | | Notice of Intent to Foreclose").

The Debtor may cure the post-petition default and reinstate Class 1A Plan treatment at any time prior to the actual foreclosure sale by delivering such number of *Class 1A Interest Payments* or *Class 1A Amortization Payments*, as applicable, so that the number of such unpaid payments is less than two.

After the Effective Date, in the event the Reorganized Debtor elects to sell all or a part of the Story Building Property, such Story Building Property shall be sold free and clear of any and all claims, liens, interests and encumbrances.  However, the Debtor or Reorganized Debtor may elect, in its absolute and sole discretion, to authorize escrow to pay the balance of Allowed Class 1A Claim from escrow consistent with the provisions of the Plan; providing that the holder of the Allowed Class 1A Claim does not include in the demand placed in escrow any penalty, fee, charge, demand or claim for unmatured interest or other disputed fees or charges, including any such penalty, fee, charge, demand or claim which is inconsistent with the treatment hereunder or disputed by the Debtor or Reorganized Debtor in its absolute and sole discretion.  Any such disputed demand shall be resolved in the Bankruptcy Court which Bankruptcy Court shall retain exclusive jurisdiction over the parties, the Story Building Property and proceeds of escrow.

Any defenses, objections, counterclaims, rights, rights of offset or recoupment of the Debtor or the Estate with respect to such Claims shall vest in and inure to the benefit of the Reorganized Debtor.

The holder of the Allowed Class 1A Claim shall promptly execute and deliver any and all documents and take such other or further actions as are reasonably necessary, appropriate or |

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

| CLASS NO. | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | | | | requested by the Reorganized Debtor to effectuate the provisions of the Plan. |
| 1B | **BLACKHAWK**<br><br>**Collateral description = Story Building Property**<br><br>**Schedule A Collateral value = $17,000,000**<br><br>**Scheduled D Claim amount = $72,011** | No. | Class 1B is impaired. | On the Effective Date, the Story Building Property shall be vested in the Reorganized Debtor, subject to the lien, if any, securing the Allowed Secured Claim of Class 1B, to the extent valid, perfected and unavoidable; and to the extent of the value of the claimholder's interest in the collateral as determined under Bankruptcy Code §506(a).<br><br>On the Effective Date or as soon thereafter as practicable, the holder of the Allowed Class 1B Claim shall receive on account of such Allowed Secured Claim deferred cash payments totaling the Allowed Secured Class 1B Claim, of a value, as of the Effective Date equal to the interest of the holder of the Allowed Secured Class 1B Claim in the Story Building Property, paid as follows, provided that there is sufficient Net Operating Income after payment of the Class 1A Interest Payments, and Class 1A Amortization Payments:<br><br>(A) Six (6) biannual installments on September 30 or April 30 (or the first business day thereafter), of interest only at rate determined by the Court calculated on the Allowed Class 1B Secured Claim, to the extent of the value of the claimholder's interest in the collateral as determined under Bankruptcy Code §506(a); commencing on a date which is at least 90 days following the later of the Effective Date or entry of an order of the Court allowing, estimating or fixing for purposes of distribution the Secured Claim in Class 1B, and continuing on each such biannual payment date thereafter, provided that there is sufficient Net Operating Income after payment of the Class 1A Interest Payments, and Class |

| CLASS NO. | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | | | | 1A Amortization Payments to make such payments after allowing for distribution to Class 1A.<br><br>(B)    Six (6) biannual installments on September 30 or April 30 (or the first business day thereafter), of monthly payments of interest at rate determined by the Court and principal calculated on a hypothetical thirty year amortization of the Allowed Class 1B Claim, to the extent of the value of the claimholder's interest in the collateral as determined under Bankruptcy Code §506(a); commencing on the next consecutive biannual payment date which comes due after the sixth (6th) biannual interest payment above, and continuing on each such biannual payment date thereafter; provided that there is sufficient Net Operating Income after payment of the Class 1A Interest Payments, and Class 1A Amortization Payments to make such payments after allowing for distribution to Class 1A.<br><br>(C)  One (1) final payment for the balance of the Allowed Secured Claim and all accrued interest in full on or before the next consecutive biannual payment date which comes due after the fourteenth (14th) biannual interest payment set forth above, but in no event later than February 11, 2017.<br><br>The Court shall determine the appropriate interest rate to be applied to the future payment stream to be made after the Effective Date.<br><br>Any defenses, objections, counterclaims, rights, rights of offset or |

CREIM MACIAS KOFNIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

| CLASS NO. | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | | | | recoupment of the Debtor or the Estate with respect to such Claims shall vest in and inure to the benefit of the Reorganized Debtor.<br><br>The holder of the Allowed Class 1B Claim shall promptly execute and deliver any and all documents and take such other or further actions as are reasonably necessary, appropriate or requested by the Reorganized Debtor to effectuate the provisions of the Plan. |
| 1C | **LIFTECH**<br><br>**Collateral description = Story Building Property**<br><br>**Schedule A Collateral value = $17,000,000**<br><br>**Scheduled D Claim amount = $246,708** | No. | Class 1C is impaired. | On the Effective Date, the Story Building Property shall be vested in the Reorganized Debtor, subject to the lien, if any, securing the Allowed Secured Claim of Class 1C, to the extent valid, perfected and unavoidable; and to the extent of the value of the claimholder's interest in the collateral as determined under Bankruptcy Code §506(a) .<br><br>On the Effective Date or as soon thereafter as practicable, the holder of the Allowed Class 1C Claim shall receive on account of such Allowed Secured Claim deferred cash payments totaling the Allowed Secured Class 1C Claim, of a value, as of the Effective Date equal to the interest of the holder of the Allowed Secured Class 1C Claim in the Story Building Property, paid as follows, provided that there is sufficient Net Operating Income after payment of the Class 1A Interest Payments, and Class 1A Amortization Payments:<br><br>(A) Six (6) biannual installments on September 30 or April 30 (or the first business day thereafter), of interest only at rate determined by the Court calculated on the Allowed Class 1C Secured Claim, to the extent of the value of the claimholder's interest in the collateral as determined under Bankruptcy Code §506(a); commencing on a date which is at least 90 days following the later of the Effective Date or entry of an order of the |

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

| CLASS NO. | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|-----------|-------------|----------------|----------------|-----------|
| | | | | Court allowing, estimating or fixing for purposes of distribution the Secured Claim in Class 1C, and continuing on each such biannual payment date thereafter, provided that there is sufficient Net Operating Income after payment of the Class 1C Interest Payments, and Class 1C Amortization Payments to make such payments after allowing for distribution to Class 1C. |
| | | | | (B)        Six (6) biannual installments on September 30 or April 30 (or the first business day thereafter), of monthly payments of interest at rate determined by the Court and principal calculated on a hypothetical thirty year amortization of the Allowed Class 1C Claim, to the extent of the value of the claimholder's interest in the collateral as determined under Bankruptcy Code §506(a); commencing on the next consecutive biannual payment date which comes due after the sixth (6th) biannual interest payment above, and continuing on each such biannual payment date thereafter; provided that there is sufficient Net Operating Income after payment of the Class 1A Interest Payments, and Class 1A Amortization Payments to make such payments after allowing for distribution to Class 1A. |
| | | | | (C) One (1) final payment for the balance of the Allowed Secured Claim and all accrued interest in full on or before the next consecutive biannual payment date which comes due after the fourteenth (14th) biannual interest payment set |

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

| CLASS NO. | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | | | | forth above, but in no event later than February 11, 2017.<br><br>The Court shall determine the appropriate interest rate to be applied to the future payment stream to be made after the Effective Date.<br><br>Any defenses, objections, counterclaims, rights, rights of offset or recoupment of the Debtor or the Estate with respect to such Claims shall vest in and inure to the benefit of the Reorganized Debtor.<br><br>The holder of the Allowed Class 1C Claim shall promptly execute and deliver any and all documents and take such other or further actions as are reasonably necessary, appropriate or requested by the Reorganized Debtor to effectuate the provisions of the Plan. |
| 1D | USV<br><br>**Story Building Property**<br><br>**Schedule A Collateral value = $17,000,000**<br><br>**Scheduled D Claim amount = $64,027** | No. | Class 1D is impaired. | On the Effective Date, the Story Building Property shall be vested in the Reorganized Debtor, subject to the lien, if any, securing the Allowed Secured Claim of Class 1D, to the extent valid, perfected and unavoidable; and to the extent of the value of the claimholder's interest in the collateral as determined under Bankruptcy Code §506(a).<br><br>On the Effective Date or as soon thereafter as practicable, the holder of the Allowed Class 1D Claim shall receive on account of such Allowed Secured Claim deferred cash payments totaling the Allowed Secured Class 1D Claim, of a value, as of the Effective Date equal to the interest of the holder of the Allowed Secured Class 1D Claim in the Story Building Property, paid as follows, provided that there is sufficient Net Operating Income after payment of the Class 1A Interest Payments, and Class 1A Amortization Payments:<br><br>(A) Six (6) biannual installments on September 30 or April 30 (or the first business day thereafter), of interest only at rate determined by the Court |

| CLASS NO. | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | | | | calculated on the Allowed Class 1D Secured Claim, to the extent of the value of the claimholder's interest in the collateral as determined under Bankruptcy Code §506(a); commencing on a date which is at least 90 days following the later of the Effective Date or entry of an order of the Court allowing, estimating or fixing for purposes of distribution the Secured Claim in Class 1D, and continuing on each such biannual payment date thereafter, provided that there is sufficient Net Operating Income after payment of the Class 1A Interest Payments, and Class 1A Amortization Payments to make such payments after allowing for distribution to Class 1A.<br><br>(B)      Six (6) biannual installments on September 30 or April 30 (or the first business day thereafter), of monthly payments of interest at rate determined by the Court and principal calculated on a hypothetical thirty year amortization of the Allowed Class 1D Claim, to the extent of the value of the claimholder's interest in the collateral as determined under Bankruptcy Code §506(a); commencing on the next consecutive biannual payment date which comes due after the sixth (6th) biannual interest payment above, and continuing on each such biannual payment date thereafter; provided that there is sufficient Net Operating Income after payment of the Class 1A Interest Payments, and Class 1A Amortization Payments to make such payments after allowing for distribution to |

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

| CLASS NO. | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | | | | Class 1A.<br><br>(C) One (1) final payment for the balance of the Allowed Secured Claim and all accrued interest in full on or before the next consecutive biannual payment date which comes due after the fourteenth (14th) biannual interest payment set forth above, but in no event later than February 11, 2017.<br><br>The Court shall determine the appropriate interest rate to be applied to the future payment stream to be made after the Effective Date.<br><br>Any defenses, objections, counterclaims, rights, rights of offset or recoupment of the Debtor or the Estate with respect to such Claims shall vest in and inure to the benefit of the Reorganized Debtor.<br><br>The holder of the Allowed Class 1D Claim shall promptly execute and deliver any and all documents and take such other or further actions as are reasonably necessary, appropriate or requested by the Reorganized Debtor to effectuate the provisions of the Plan. |

2.    Classes of Other Secured Claims

        Other Secured Claims are Claims secured by liens on property of the Estate. The Debtor does not believe that there are any additional secured claims not classified in Class 1. However, to the extent they are found to exist, such Other Secured Claims shall be treated in Class 2; shall be deemed a separate sub-class hereunder; and shall receive the following treatment under this Plan:

| CLASS NO. | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 2 | OTHER SECURED CLAIMS | No. | Class 2 is unimpaired. Holders of | Class 2 is unimpaired under the Plan, and the legal, equitable, and contractual rights of holders of Allowed Class 2 |

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

| | | | |
|---|---|---|---|
| Claimants who have asserted Class 2b Claims which are disputed are listed on the Disclosure Statement.<br><br>Total Claim amount =0 | | Allowed Class 2a Claims are not entitled to vote on this Plan. | Claims are unaltered by the Plan. Unless the holder of an Allowed Class 2 Claim in a particular Class 2 subclass agrees to other treatment, on or as reasonably practicable after the Effective Date, such holder shall receive, at the Reorganized Debtor's option: (i) cash in the allowed amount of such holder's Allowed Class 2 Claim; (ii) the return of the collateral securing such Allowed Class 2 Claim; or, (iii) (a) the cure of any default, other than a default of the kind specified in Bankruptcy Code § 365(b)(2) that Bankruptcy Code § 1124(2) requires to be cured, with respect to such holder's Allowed Class 2 Claim, without recognition of any default rate of interest or similar penalty or charge, and upon such cure, no default shall exist; (b) the reinstatement of the maturity of such Allowed Class 2 Claim as the maturity existed before any default, without recognition of any default rate of interest or similar penalty or charge; and, (c) its unaltered legal, equitable, and contractual rights with respect to such Allowed Class 2 Claim. Any defenses, counterclaims, rights of offset or recoupment of the Debtor or the Estate with respect to such Claims shall vest in and inure to the benefit of the Reorganized Debtor.<br>    Not later than the Exhibit Filing Date, the Debtor shall file with the Court a schedule setting forth the proposed amount necessary to pay the Allowed Class 2 Claims in full.  The Confirmation Order shall constitute a conclusive determination as to the amount of the Allowed Class 2 Claims to be paid on the Effective Date.<br>    On the Effective Date, conditioned upon the receipt of the amount determined by the Bankruptcy Court to be necessary to pay such Allowed Class 2 Claim in full (unless such other treatment is agreed to or provided as set forth above) any holder of an Allowed Class 2 Claim shall release (and by the Confirmation Order shall be deemed to release) all liens against property of the Estate, unless option (iii) is chosen with respect to such Claim. |

3.    Classes Of Priority Unsecured Claims

Certain priority Claims which are referred to in Bankruptcy Code Sections 507(a) (3), (4), (5), (6) and (7) are required to be placed into Classes.  These types of Claims are entitled to priority treatment as follows: the Bankruptcy Code requires that each Holder of such a Claim receive Cash on the Effective Date equal to the Allowed amount of such Claim.  However, a Class of unsecured priority Claim holders may vote to accept deferred Cash payments of a value, as of the Effective Date, equal to the Allowed amount of such Claims.

The Debtor does not believe that any such claims exist.  To the extent they do, the New Value Contribution shall increase by the amount of such claims.  The following chart lists all Classes containing Debtor's Section 507(a) (3), (4), (5), (6), and (7) Priority Unsecured Claims and their treatment under this Plan:

| CLASS NO. | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 3 | **PRIORITY UNSECURED CLAIMS** Allowed Claims pursuant to 11 U.S.C. Section 507(a)(3) or (6). Estimated Amount of Allowed Claims = $0. | Class 3 is not impaired. | On the Effective Date, each Holder of an Allowed Class 3 Claim will receive Cash in an amount equal to the principal amount of the Allowed Class 3 Claim. |

The aggregate amount of Cash, if any, required to pay in full all of the foregoing Class 3 Claims, if any, is referred to hereinafter as the "Priority Unsecured Claims Funding Amount".

4.    Classes Of General Unsecured Claims

General unsecured Claims are unsecured Claims not entitled to priority under Bankruptcy Code Section 507(a).  The following chart identifies this Plan's treatment of the Classes containing all of Debtor's general unsecured Claims:

| CLASS NO. | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 4 | **GENERAL NON-INSIDER UNSECURED CLAIMS** Class 4 consists of all other general unsecured Claims, but only to the extent that such Claims are not Class | Class 4B is impaired. Holders of Allowed Claims in Class 4B are entitled to vote on this Plan. | Following the Effective Date, each holder of an Allowed Claim in Class 4 shall receive: (A)    A Pro Rata share of 25% of Net Operating Income |

I:\slf\20131 (Story Bldg)\Plan of Reorganization.doc

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

| CLASS NO. | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| | 4   Claims,   including,   without limitation, the Allowed Unsecured Claim, if any, of Class 1.<br><br>Estimated amount of Allowed Claims $3,863,376 | | for the calendar years 2012, 2013, 2014, 2015, 2016 and 2017 derived from rents generated from the Story Building Property, payable on the first Business Day following April 30 of each subsequent calendar year for the applicable period; provided that there is sufficient Net Operating Income after payment of the Class 1A Interest Payments, Class 1A Amortization Payments and payments Of Net Operating Income required to be made to Allowed Secured Claims in Classes 1B, 1C and 1D above, to make such payments of 25%    after allowing for distribution to Class 1A, 1B, 1C and 1D above.<br><br>(B)    One (1) final payment for the balance of the Allowed Claim and all accrued interest in full on or before December 31, 2018.<br><br>(C)    In the event that after the Effective Date, the Reorganized Debtor, in its absolute and sole discretion, sells the Story Building Property at any time between the Effective Date and December 31, 2018, a Pro Rata share of up to 100% of the net proceeds, if any, which the Reorganized Debtor is entitled to receive from the sale of the Story Building Property, after payment of all costs of sale, commissions, secured claims, payments to senior classes, and any and all taxes    (including,    without limitation, taxes from any gain on sale) , payable as soon as practicable following close of the escrow and determination |

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

F:\slf\20131 (Story Bldg)\Plan of Reorganization.doc

| CLASS NO. | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| | | | of tax liability<br><br>(D)    To the extent that payments pursuant to paragraphs (A), (B) and (C) of this Class 4 are not equal to or greater than the Liquidation Value, a Cash payment will be made on the first Business Day after December 31, 2018, in an amount so that the aggregate amount of all payments made pursuant to paragraphs (A), (B) and (C) are equal to the present value of the Liquidation Value.<br><br>Misc Provisions:<br>(1) The holder of any Allowed Claim of Falcon Investment & Trades shall defer payment of the Pro Rata distribution to which such holder is entitled to receive on behalf of its Allowed Class 4 Distribution to the payment of the Pro Rata distribution to which the holders of Allowed Class 4 Claims, until such holders of Allowed Claims other than Falcon Investment & Trades are paid in full.<br><br>(2) In no event shall distributions under paragraphs (A),(B), (C) and (D) in this Class 4 exceed the present value of any holders Allowed Class 4 Claim.<br><br>Any defenses, objections, counterclaims, rights, rights of offset or recoupment of the Debtor or the Estate with respect to such Claims shall vest in and inure to the benefit of the Reorganized Debtor. |

5.    <u>Class of Interest Holders</u>

Interest Holders are the parties who hold ownership interests (i.e., equity interest) in Debtor.  The Debtor is a corporation, so the Interest Holder is a shareholder.  The following chart identifies this Plan's treatment of the Class of Interest Holders:

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

| CLASS NO. | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 5 | INTEREST HOLDERS | Class 5 is impaired. Interest Holders of this Class 6 are entitled to vote on this Plan. | If Classes 4 and 5 vote in favor of the Plan, the Interest Holders shall retain their interest in the Debtor,<br><br>In the event that Classes 4 and 5 vote to reject the Plan, Class 5 shall receive no distribution under the Plan. In such event, on the Effective Date, the membership interest (except to the extent of those retained in accordance with the foregoing paragraph) shall be vested in New Value Contributor in exchange for the New Value Contribution. |

**D.     MEANS OF EFFECTUATING THIS PLAN**

1.     Funding For This Plan

This Plan will be funded as follows:

A.     On the Effective Date, or as soon as practicable, thereafter, the New Value Contribution shall be delivered to the Debtor.

B.     On and after the Effective Date, distribution to Classes 1A, 1B, 1C, 1D, 2, 3 and 4 shall be funded from Net Operating Income.

C.     To the extent that the Net Operating Income is insufficient to pay the full amount of the Allowed Claims in Classes 1A, 1B, 1C, 1D, 2, 3 and 4 on the specified maturity date, the shortfall shall be made up from one or a combination of the following, as determined by the Reorganized Debtor, in its sole and absolute discretion, contributions from the interest holder, refinance of additional loans, or sale of the Story Building Property.

2.     Post-Confirmation Management.

A.     On or prior to the Effective Date, the Reorganized Debtor will be managed by Abraham H. Mosaddegh.

B.  All property of the estate will revest on the Effective Date in the Reorganized Debtor, free and clear of all claims, liens, interests and encumbrances, except as provided for in this Plan.

3.  <u>Claims Resolution Process</u>

A.  The Debtor reserves the right to file and prosecute objections to Claims and, if necessary, a motion to estimate Claims for purposes of voting and/or distribution.

B.  Any Disputed Claims or Disputed Interests may be resolved as follows:

a.  The Debtor or Reorganized Debtor may file its objections to the Disputed Claims or Disputed Interests.

b.  The Debtor may request that the Court estimate the allowable amount of any Disputed Claim for purposes of voting and/or distribution.  However, if such estimation is only for purposes of voting such determination shall neither determine Debtor's actual liability for the Claim nor finally fix the amount of the Claim, which may be later determined by the Court to be higher or lower than the amount estimated.

c.  The Reorganized Debtor reserves its right to file objections to any Claims filed after the date of this Plan.  As to newly filed Claims, an order confirming this Plan shall not be res judicata, collateral estoppel, or other bar to the Reorganized Debtor or other party in interest's right to object to such Claims after the Effective Date.

d.  The Court shall retain jurisdiction to consider all objections to Claims, including objections filed after the Effective Date.

///

///

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

4.    Disbursing Agent/distributions

A Disbursing Agent designated for the purpose of making all Distributions provided for under this Plan shall be designated by the Reorganized Debtor and may be an employee, insider or affiliate.  The Disbursing Agent may employ or contract with any Person, such as a transfer agent, to assist in or perform the distribution of assets and funds to be distributed.  The Disbursing Agent shall serve without bond and shall receive compensation for distribution services rendered and expenses incurred pursuant to this Plan.  The Disbursing Agent shall receive as compensation no more than one-half of one percent of net distributions disbursed.

Following the Effective Date, the Disbursing Agent shall make the Distributions to Creditors as and when required under this Plan.  Except as otherwise provided by this Plan, all payments and distributions under this Plan shall be in full and final satisfaction, settlement, release and discharge of all Claims and Interests.  Any Creditor may agree to accept a lesser payment or payments. Notwithstanding anything to the contrary herein, no Holder of an Allowed Claim shall receive in respect of such Claim any distribution of a value in excess of the Allowed Amount of such Claim. Except as otherwise provided by this Plan or related documents, all payments and distributions made under this Plan with respect to a particular Allowed Claim shall be allocated to the principal amount of such Allowed Claim.  Any federal, state or local withholding taxes or other amounts required to be withheld under any applicable law shall be deducted from any distributions hereunder.  All Holders of Claims and Interests shall be required to provide information to effectuate the withholding of such taxes.

5.    Miscellaneous Issues Regarding Plan Distributions

**(a)    Name and Address of Holder.**  For purposes of all distributions under this Plan, the Disbursing Agent will be entitled to rely on the name and address of the Person holding each Allowed Claim or Interest as shown on any timely filed Proof of Claim or Interest, or, if none, on the name and address set forth in Debtor's most recent schedules filed with the Court, as amended from time to time, except to the extent that the Disbursing Agent first receives adequate written notice of a transfer or change of name and/or address, properly executed by the Person holding the Allowed Claim or Interest or its authorized agent.  Unless otherwise agreed by a Person holding a particular

Claim or Interest, all distributions shall be made by regular mail, and in all cases where delivery or distribution is effectuated by mail, the date of delivery of distribution shall be the date of mailing. Distributions made in accordance with this paragraph will be deemed delivered to the designated recipient regardless of whether such property is actually received by such Person.

**(b)    Unclaimed Property.**

*(1)    Unclaimed Payments.* Any funds to be distributed to Holders of Claims under this Plan shall be forfeited if such funds are not claimed by the Person entitled to payment before the later of one (1) year after Confirmation or sixty (60) days after an order Allowing the Claim of that entity becomes a Final Order; provided, however, that the Disbursing Agent takes reasonable steps to effectuate distribution to the Creditor, and further provided that unclaimed distributions of Cash shall be held by the Disbursing Agent in a segregated account until all distributions are made to such Class pursuant to this Plan. If forfeited funds thereafter remain unclaimed, they shall be disbursed to the General Account of the Reorganized Debtor to be used for operations.

6.    Execution of Documents

Upon the issuance of the Confirmation Order by the Court, the Reorganized Debtor shall be authorized to take all actions necessary or appropriate to complete and consummate the transactions described herein and to enter into and implement the contracts, instruments and other agreements or documents created in connection with this Plan or to be executed and delivered pursuant to this Plan before, on, or after the Effective Date.

Within thirty (30) days after the Effective Date of this Plan, unless otherwise provided for under the Plan, Holders of Claims who have recorded liens or other security documents against property of the estate shall file releases of their liens with the appropriate government agencies (the "Release Procedures"). In the event that the foregoing claimants do not complete the Release Procedures, the Reorganized Debtor shall be granted, pursuant to the order confirming this Plan, power of attorney authority for the limited purpose of implementing and consummating the Release Procedures.

///

///

# IV.

## TREATMENT OF MISCELLANEOUS ITEMS

### A.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES

     1.   Assumptions

The Reorganized Debtor will assume certain pre-petition leases and executory contracts of Debtor.   A specific list of all executory contracts and/or unexpired leases to be assumed by Reorganized Debtor under this Plan (the "Assumed Contract Schedule") will be filed with the Bankruptcy Court and served on the other party to such contract or lease by the Exhibit Filing Date.

On the Effective Date, each of the unexpired leases and executory contracts listed on the Assumed Contract Schedule shall be assumed as obligations of Reorganized Debtor.   The Confirmation Order shall constitute an order approving the assumption of each lease and contract to be identified on the Assumed Contract Schedule.   If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract or to the proposed cure amounts alleged by the Debtor, you must file and serve your objection to the proposed assumption of your lease or contract within the deadline for objecting to the confirmation of this Plan.

     2.   Rejections

On the Effective Date, all executory contracts and unexpired leases that have not been specifically assumed will be deemed rejected.   The Confirmation Order shall constitute an order approving the rejection of the lease or contracts not specifically assumed.

***THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS THIRTY (30) DAYS AFTER THE ENTRY OF AN ORDER CONFIRMING THIS PLAN.***   Any claim based on the rejection of a contract or lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

### B.   CHANGES IN RATES SUBJECT TO REGULATORY COMMISSION APPROVAL

The Debtor is not subject to governmental regulatory commission approval of its rates.

/ / /

/ / /

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

I:\slf\20131 (Story Bldg)\Plan of Reorganization.doc

## C.    RETENTION OF JURISDICTION

After Confirmation of this Plan and after the Effective Date, in addition to jurisdiction which exists in any other court, the Court will retain such jurisdiction as is legally permissible including, without limitation, for the following purposes:

1.    To resolve any and all disputes regarding the operation and interpretation of this Plan and the Confirmation Order;

2.    To determine the allowability, classification or priority of Claims and Interests upon objection by Debtor, or by other parties in interest with standing to bring such objection or proceeding;

3.    To determine the extent, validity and priority of any lien asserted against the property of the Reorganized Debtor or property of the Debtor's Estate;

4.    To (i) construe and take action to enforce this Plan, the Confirmation Order and any other order of the Court, (ii) issue such orders as may be necessary for the implementation, execution, performance, and consummation of this Plan and the Confirmation Order, and all matters referred to in this Plan and the Confirmation Order, and (iii) determine all matters that may be pending before the Court in the Case on or before the Effective Date with respect to any Person or entity;

5.    To determine (to the extent necessary) any and all applications for allowance of compensation and reimbursement of expenses of professionals for the period before, on and after the Effective Date;

6.    To determine any requests for payment of Administrative Expenses;

7.    To resolve any dispute regarding the implementation, execution, performance, consummation or interpretation of this Plan or the Confirmation Order;

8.    To determine motions for the rejection, assumption or assignment of executory contracts or unexpired leases filed before the Effective Date and the allowance of any Claims resulting therefrom;

9.    To determine all applications, motions, adversary proceedings, contested matters and any other litigated matters instituted during the Case whether before, on or after the Effective Date;

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

1    10.    To determine such other matters and for such other purposes as may be

2    provided in the Confirmation Order;

3    11.    To modify this Plan under Section 1127 of the Bankruptcy Code in order to

4    remedy any apparent defect or omission in this Plan or to reconcile any inconsistency in this Plan so as

5    to carry out its intent and purpose;

6    12.    Except as otherwise provided in this Plan or the Confirmation Order, to issue

7    injunctions to take such other actions or make such other orders as may be necessary or appropriate to

8    restrain interference with this Plan or the Confirmation Order, or to restrain the execution or

9    implementation by any Person of this Plan or the Confirmation Order;

10    13.    To issue such orders in aid of consummation of this Plan or the Confirmation

11    Order, notwithstanding any otherwise applicable non-bankruptcy laws, with respect to any Person, to

12    the fullest extent authorized by the Bankruptcy Code or Bankruptcy Rules;

13    14.    To enter a final decree closing this Chapter 11 Case; and,

14    15.    To enter any order approving the sale or refinance of the Story Building

15    Property to the extent requested by the Reorganized Debtor.

16    **D.    RESERVATION OF RIGHTS/LITIGATION**

17    The Reorganized Debtor reserves its rights to object to all Claims.  In addition, certain

18    Claims may be subject to rights of offset, recoupment or counterclaims of the Debtor and/or

19    Reorganized Debtor, and those rights are reserved by the Reorganized Debtor.

20    The Reorganized Debtors shall pursue Rights of Action, any and all preference actions,

21    fraudulent transfer actions and/or other avoidance actions that may exist, claims litigation and

22    estimation for the benefit of the Debtor's Estate. The Reorganized Debtor reserves the right to pursue

23    all claims and causes of action against Liftech, USV and/or Blackhawk.  The Reorganized Debtor, in

24    its absolute and sole discretion, may settle such actions following the Effective Date without further

25    notice or hearing, except as otherwise provided in the Plan.

26    Before and after the Effective Date, the Reorganized Debtor retains the right to seek a

27    surcharge any holder of a Secured Claim pursuant to Bankruptcy Code §506(c).

28

I:\slf\20131 (Story Bldg)\Plan of Reorganization.doc

**E.**     **POST CONFIRMATION U.S. TRUSTEE FEES AND IDENTITY OF THE ESTATE**

**REPRESENTATIVE**

The Reorganized Debtor shall timely pay all fees incurred pursuant to 28 U.S.C. Section 1930 (a) (6) after Confirmation until the entry of a final decree closing this Case. The Reorganized Debtor shall be the Estate Representative for purposes of complying with all of Debtor's reporting requirements to the Court and the Office of the United States Trustee and for obtaining a final decree closing this Case.

**F.**     **POST-CONFIRMATION CLAIMS OF DEBTOR**

The Reorganized Debtor shall be the Estate Representative after Confirmation for purposes of prosecuting Rights of Action.

**V.**

**OTHER PLAN PROVISIONS**

**A.**     **EXCULPATION: NO LIABILITY FOR SOLICITATION OR PROSECUTION OF**

**CONFIRMATION.**

None of the Debtor, Debtor's professionals, the Estate, the Reorganized Debtor, Abraham H. Mosaddegh, or any of the foregoing parties' respective members, partners, officers, directors, employees, advisors, professionals, heirs, children, spouses or agents shall have or incur any liability to any holder of a Claim or Interest for any act or omission occurring on or after the Petition Date in connection with, related to, or arising out of the Case, the pursuit of confirmation of the Plan, the consummation or administration of the Plan, or property to be distributed under the Plan, except for willful misconduct or gross negligence, and in all respects, the Debtor, the Estate, the Reorganized Debtor, Abraham H. Mosaddegh, or any of the foregoing parties' respective members, partners, officers, directors, employees, advisors, professionals, heirs, children, spouses or agents shall be entitled to rely on the advice of their respective counsel with respect to their duties and responsibilities during the Case under the Plan.

**B.**     **REVOCATION OF PLAN/NO ADMISSIONS.**

The Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation Date. Notwithstanding anything to the contrary in the Plan, if the Plan is not confirmed or the Effective Date

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

1   does not occur, the Plan will be null and void, and nothing contained in the Plan or the Disclosure

2   Statement will:  (a) be deemed to be an admission by the Debtor with respect to any matter set forth in

3   the Plan, including liability on any Claim or the propriety of any Claim's classification; (b) constitute

4   a waiver, acknowledgment, or release of any claims of the Debtor; or (c) prejudice in any manner the

5   rights of any party in any further proceedings.

6       **C.    EXEMPTION FROM CERTAIN TRANSFER TAXES.**

7       In accordance with Bankruptcy Code section 1146(c), the issuance, transfer or exchange of a

8   security, or the making or delivery of an instrument of transfer under the Plan may not be taxed under

9   any law imposing a stamp tax or similar tax.  The Confirmation Order shall direct all governmental

10  officials and agents to forego the assessment and collection of any such tax or governmental

11  assessment and to accept for filing and recordation any of the foregoing instruments or other

12  documents without payment of such tax or other governmental assessment.

13      **D.    LOCAL RULES 3020-1(b).**

14      In accordance with Local Bankruptcy Rule 3020-1(b), the Reorganized Debtor shall file a

15  status report explaining what progress has been made toward consummation of the confirmed Plan on

16  the date set by the Court in the Confirmation Order. The Reorganized Debtor shall serve such report

17  on the Office of the United States Trustee, the 20 largest unsecured creditors, and those parties who

18  have requested special notice.

19      **E.    SUCCESSORS AND ASSIGNS.**

20      The rights, benefits, and obligations of any entity named or referred to in this Plan shall be

21  binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of

22  such entity.

23      **F.    SATURDAY, SUNDAY OR LEGAL HOLIDAY.**

24      If any payment or act under the Plan is required to be made or performed on a day that is not a

25  Business Day, then the payment or act may be completed on the next day that is a Business Day, in

26  which event the payment or act will be deemed to have been completed on the required day.

27  / / /

28  / / /

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

I:\slf\20131 (Story Bldg)\Plan of Reorganization.doc

**G.    HEADINGS.**

The headings used in the Plan or inserted for convenience only and do not constitute a portion of this Plan or in any manner affect the provisions of this Plan or their meaning.

**H.    SEVERABILITY OF PLAN PROVISIONS.**

If, before confirmation, the Court holds than any Plan term or provision is invalid, void, or unenforceable, the Court may alter or interpret that term or provision so that it is valid and enforceable to the maximum extent possible consistent with the original purpose of that term or provision. That term or provision will then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the Plan's remaining terms and provisions will remain in full force and effect and will in no way be affected, impaired, or invalidated. The Confirmation Order will constitute a judicial determination providing that each Plan term and provision, as it may have been altered or interpreted in accordance with this Section, is valid and enforceable under its terms.

**I.    GOVERNING LAW.**

Unless a rule of law or procedure is supplied by (a) federal law (including the Bankruptcy Code and Bankruptcy Rules), or (b) an express choice of law provision in any agreement, contract, instrument, or document provided for, or executed in connection with, the Plan, the rights and obligations arising under the Plan and any agreements, contracts, documents, and instruments executed in connection with the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of California without giving effect to the principles of conflict of laws thereof.

**J.    NO DISTRIBUTION WITH RESPECT TO DISPUTED CLAIMS**

No payments of Cash or distributions of other property or other consideration of any kind shall be made on account of any Disputed Claim unless and until such Claim becomes an Allowed Claim or is deemed to be such for purposes of distribution, and then only to the extent that the Claim becomes, or is deemed to be for distribution purposes, an Allowed Claim. Unless otherwise provided in the Plan, any holder of a Claim that becomes an Allowed Claim after the Effective Date will receive any distributions to which it is entitled to have already received under the Plan within 30 days from the date that such Claim becomes an Allowed Claim.

**K.      SETOFF, RECOUPMENT AND OTHER RIGHTS.**

Notwithstanding anything to the contrary contained in the Plan, the Reorganized Debtor may, but shall not be required to, setoff, recoup, assert counterclaims or withhold against the distributions to be made pursuant to this Plan on account of any claims that the Debtor, the Estate, or the Reorganized Debtor may have against the entity holding an Allowed Claim; provided, however, that neither the failure to effect such a setoff or recoupment, nor the allowance of any Claim against the Debtor or the Reorganized Debtor, nor any partial or full payment during the Cases or after the Effective Date in respect of any Allowed Claim, shall constitute a waiver or release by Debtor, the Estate or the Reorganized Debtor of any claim that they may possess against such holder.

**VI.**

**EFFECT OF CONFIRMATION OF PLAN**

**A.      DISCHARGE**

Except as otherwise provided in this Plan or in the Confirmation Order, Confirmation of this Plan shall operate as a discharge pursuant to Bankruptcy Code Section 1141 (d) (1), effective as of the Effective Date, of any and all debts or Claims against the Debtor that arose at any time before issuance of the Confirmation Order, including but not limited to, all principal and interest, whether accrued before, on or after the Petition Date.  As to every discharged debt and Claim, the Creditor that held such debt or Claim shall be precluded from asserting against the Debtor or against the Debtor's assets or the Reorganized Debtor or any assets of the Reorganized Debtor, any or further Claim based upon any document, instrument or act, omission, transaction or any other activity of any kind or nature that occurred prior to the Confirmation Date, including, without limitation, Claims in the nature of successor liability.  Upon Confirmation of this Plan, the Debtor shall be discharged of liability for payment of debts incurred before Confirmation of this Plan, to the extent specified in 11 U.S.C. Section 1141.  However, any liability imposed by this Plan will not be discharged.  Furthermore, all Claims and debts against the Debtor which are so discharged may not be asserted against the Reorganized Debtor under any circumstances unless pursuant to the provisions of this Plan.

/ / /

/ / /

I:\slf\20131 (Story Bldg)\Plan of Reorganization.doc

CRIM, MACIAS, KOTNIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

### B.    INJUNCTION

Unless and until a default by the Reorganized Debtor has occurred with respect to the treatment of the Claims of the Creditor under this Plan (a "Plan Default"), the Confirmation Order shall operate as a temporary injunction against the commencement or continuation of any act relating to the collection or enforcement of any Claim or rights governed by the discharge provisions hereof ("Discharged Claim") against the Debtor, and the Reorganized Debtor. Subject to the limitations set forth above, the Confirmation Order shall provide, among other things, that except as otherwise provided in this Plan, all Persons who have held, hold or may hold Claims against or Interests in the Debtor are enjoined from and after the Effective Date until there has been a Plan Default or a Satisfaction by the Reorganized Debtor in respect of the treatment of the Claims of Creditors under this Plan, from: (i) commencing or continuing in any manner any action or proceeding of any kind with respect to such Discharged Claim against the Debtor or the Reorganized Debtor, including, without limitation (i) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against the Debtor, the Reorganized Debtor, or the property of any such parties or property of their respective affiliates with respect to any such Discharged Claim; and (ii) creating, perfecting or enforcing any encumbrances of any kind against the Debtor, the Reorganized Debtor, or against the property of any such parties, with respect to any such Claim or Interest.

### C.    VESTING OF PROPERTY IN REORGANIZED DEBTOR

The Confirmation of this Plan vests all of the property of the Estate in the Reorganized Debtor free and clear of all claims, liens, interests and encumbrances, except as expressly provided in the Plan.

### D.    MODIFICATION OF PLAN

The Plan Proponents may modify this Plan at any time before Confirmation. However, the Court may require a new disclosure statement and/or revoting on this Plan.

The Plan Proponents may also seek to modify this Plan at any time after Confirmation so long as (1) this Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

I:\slf\20131 (Story Bldg)\Plan of Reorganization.doc

1   Neither the Court nor any other individual or entity may modify or amend this Plan without the

2   prior written consent of the Reorganized Debtor.

3   **E.    SUCCESSORS AND ASSIGNS**

4   The rights, benefits and obligations of any Person named or referred to in this Plan will be

5   binding upon, and will inure to the benefit of, the heirs, executors, administrators, successors and

6   assigns of such Person.

7   **F.    OTHER ASSURANCES**

8   The Creditors and Holders of Interests shall execute and deliver such documents and perform

9   such other acts as may be reasonably requested by the Reorganized Debtor to implement and carry out

10   the terms of this Plan and any notes or other documents issued pursuant hereto.

11   **G.    CONFIRMATION REQUEST**

12   In the event that all of the applicable requirements of 11 U.S.C. Section 1129 (a) are met other

13   than paragraph (8), the Plan Proponents request Confirmation of this Plan notwithstanding the

14   requirements of such paragraph under 11 U.S.C. Section 1129 (b).

15   **H.    FINAL DECREE**

16   Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan

17   Proponents, or other party as the Court shall designate in the Confirmation Order shall file a motion

18   with the Court to obtain a final decree to close the Case.

19   DATED: November 12, 2010          STORY BUILDING LLC, Debtor

20

21          /s/ Abraham H. Mosaddegh
            By:  Abraham H. Mosaddegh

22          Its:  Manager

23   Respectfully submitted,

24   CREIM MACIAS KOENIG & FREY LLP

25   By:  /s/ Sandford L. Frey

26        Sandford L. Frey
     Reorganization Attorneys for Story Building LLC,

27   Debtor and Debtor in Possession,

28

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

I:\slf\20131 (Story Bldg)\Plan of Reorganization.doc

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

## SCHEDULE I

## DEFINITIONS

The following definitions will apply with respect to this Plan and the Disclosure Statement:

1.    "**Administrative Bar Date**" shall have the meaning set forth in Section III.B.l of this Plan.

2.    "**Administrative Claims or Administrative Expenses**" shall mean Claims for costs or expenses of administering Debtor's Chapter 11 case which are Allowed under Bankruptcy Code Sections 503 (b) and 507(a) (1).

3.    "**Administrative Claims Funding Amount**" shall have the meaning set forth in Section III.B.1 of this Plan.

4.    "**Allowed**" shall mean, when used in respect of a Claim or an Interest or group of Claims or Interests, the following:

(a)    if no proof of Claim or Interest has been timely filed, such amount of the Claim or Interest or group of Claims or Interests which has been scheduled by Debtor as liquidated in amount and not disputed or contingent and as to which no party in interest has filed an objection within the time required under this Plan or otherwise fixed by the Court and which Claim or Interest is not disallowed under Section 502 (d) or (e) of the Bankruptcy Code; or

(b)    if a proof of Claim or Interest has been filed by the applicable bar date or is deemed timely filed by the Court, such amount of the Claim or Interest or group Claims or Interests as to which any party in interest has not filed an objection within the time required under this Plan or otherwise fixed by the Court and which Claim or Interest is not disallowed under Section 502 (d) or (e) of the Bankruptcy Code; or

(c)    such amount of the Claim or Interest or group of Claims or Interests which is allowed by a Final Order of the Court.

5.    "**Allowed Claim**" or "**Allowed Interest**" shall mean a Claim or Interest that is Allowed.

6.    "**Avoidance Actions**" shall mean the causes of action held by the Debtor or the Estate that arise out of Bankruptcy Code sections 510, 542, 544, 547, 548, 549, 550, 551, and 553.

I:\slf\20131 (Story Bldg)\Plan of Reorganization.doc

34

7.    **"Ballot"** shall mean the ballot to vote to accept or reject the Plan.

8.    **"Ballot Deadline"** shall mean the deadline established by the Court for the delivery of executed Ballots to the Ballot Tabulator.

9.    **"Bankruptcy Code"** shall mean the Bankruptcy Code, as codified in Title 11 of the United States Code, 11 U.S.C. Section 101 et seq., including all amendments thereto, to the extent such amendments are applicable to the Case.

10.    **"Bankruptcy Court"** or **"Court"** shall mean the United States Bankruptcy Court for the Central District of California, Santa Anna Division, or any other court that exercises jurisdiction over the Case.

11.    **"Bankruptcy Proceedings"** shall mean the Chapter 11 proceedings commenced by Debtor by voluntary petition and entitled In re Story Building, LLC, Case No. 8:10-bk-16614-ER, United States Bankruptcy Court, Central District of California.

12.    **"Bankruptcy Rules"** or **"FRBP"** means the Federal Rules of Bankruptcy Procedure as now in effect or hereafter amended and applicable to the Case.

13.    **"Blackhawk"** shall mean Blackhawk Security Services.

14.    **"Business Day"** shall mean any day other than a Saturday, Sunday or a legal holiday (as defined in the Bankruptcy Rule 9006 (a)).

15.    **"Case"** shall mean the case under Chapter 11 of the Bankruptcy Code commenced by Debtor on May 17, 2010, and bearing Case No. 10-bk-16614-ER

16.    **"Cash"** shall mean cash or cash equivalents, including, but not limited to, bank deposits, checks or other similar items.

17.    **"Claim"** shall mean (a) any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

/ / /

I:\slf\2013\ (Story Bldg)\Plan of Reorganization.doc

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

18. "**Class**" shall mean a class of Claims or Interests described in Article III and elsewhere in this Plan.

19. "**Class 1A Amortization Payments**" means monthly payments of interest at rate determined by the Court and principal calculated on a hypothetical thirty year amortization of the Allowed Class 1A Claim, to the extent of the value of the claimholder's interest in the collateral as determined under Bankruptcy Code §506(a).

20. "**Class 1A Interest Payments**" means monthly payments of interest only at rate determined by the Court calculated on the Allowed Class 1A Claim, to the extent of the value of the claimholder's interest in the collateral as determined under Bankruptcy Code §506(a).

21. "**Confirmation**" shall mean the entry of the Confirmation Order.

22. "**Confirmation Date**" shall mean the date upon which the Court enters the Confirmation Order.

23. "**Confirmation Hearing Date**" shall mean the date on which the Court held a hearing on Confirmation of this Plan.

24. "**Confirmation Order**" shall mean the order of the Court confirming this Plan pursuant to Section 1129 of the Bankruptcy Code.

25. "**Contracts**" shall mean all agreements and contracts to which the Debtor is a party.

26. "**Court**" shall mean the United States Bankruptcy Court for the Central District of California, Santa Anna Division.

27. "**Creditor**" shall mean the Holder of a Claim against the Debtor.

28. "**Debtor**" shall mean Story Building LLC, Debtor and Debtor in Possession..

29. "**Debtor's Counsel**" shall mean Creim Macias Koenig & Frey LLP, general reorganization counsel to the Debtor.

30. "**Disallowed Claim**" shall mean a Claim, or any portion thereof, that: (a) is not listed on the Debtor's Schedules, or is listed therein as contingent, unliquidated, disputed, or in an amount equal to zero, and whose holder has failed to timely File a proof of Claim; or (b) the Court has disallowed pursuant to order of the Court.

/ / /

31.    **"Disbursing Agent"** shall mean the Person responsible for making all Distributions provided under this Plan.

32.    **"Discharged Claim"** shall have the meaning set forth in Section V.B of this Plan.

33.    **"Disclosure Statement"** shall mean the "Disclosure Statement for Debtor, Story Building LLC" filed by the Debtor in support of this Plan, and any and all amendments, modifications and exhibits thereto.

34.    **"Disputed Claim"** or **"Disputed Interest"** shall mean a Claim or Interest as to which a proof of Claim is Filed or is deemed Filed under Bankruptcy Rule 3003(b)(1) or a proof of Interest was Filed or deemed Filed under Bankruptcy Rule 3003(b)(2); and

(A)    An objection: (1) has been timely Filed; and (2) has not been denied by a Final Order or withdrawn; or

(B)    That Claim or Interest is listed on the Debtor's Schedules as disputed, contingent or unliquidated.

35.    **"Disputed Claims Escrow"** shall have the meaning set forth in Section III.D.3 of this Plan.

36.    **"Distributions"** shall mean any transfer under this Plan of Cash or other property to either a Holder of an Administrative Claim, a Holder of an Allowed Claim, or a Holder of an Interest.

37.    **"Effective Date"** shall mean a date set by the Debtor, which date shall be within fifteen (15) Business Days after the Confirmation Order becomes a Final Order.

38.    **"Estate"** shall mean the estate in the Debtor's Case created pursuant to Section 541 (a) of the Bankruptcy Code.

39.    **"Exhibit Filing Date"** shall mean the date that is the last Business Day that is at least 10 days prior to the date of the Confirmation Hearing.

40.    **"Final Order"** shall mean an order, decree or judgment of the Court, the operation or effect of which has not been reversed, stayed, modified or amended, and as to which order, decree or judgment (or any revision, modification or amendment thereof), the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing has been taken or is pending.

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

41. "**General Unsecured Claim**" shall mean a Claim that is not an Administrative Claim, a Prime Claim, a Priority Claim, a Priority Tax Claim, a Secured Claim, a Secured Tax Claim, an Other Secured Claim, or the CMS Claim.

42. "**Holder**" shall mean the Holder of a Claim against or Interest in Debtor.

43. "**Insider**" shall mean all Persons who are "insiders" as that term is defined in Section 101 (49) of the Bankruptcy Code.

44. "**Interest**" shall mean any equity security of Debtor as defined in Section 101 (49) of the Bankruptcy Code.

45. "**LBR**" or "**Local Rules**" means the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, including all amendments thereto, to the extent such amendments are applicable to the Case.

46. "**Liftech**" shall mean Liftech Elevator Services Inc.

47. "**Liquidation Value**" means the aggregate dollar amount found by the Court (calculated without consideration of (a) Cash Collateral; or, (b) Rights of Action, which is equal to the lowest dollar amount necessary to fund payment to unsecured claimants in the manner provided under the Plan so that each holder of an Allowed Class 4 Claim would receive or retain property with a value as of the Effective Date at least equal to the amount such holder would receive if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date.

48. "**New Value Contribution**" shall mean a contribution on the Effective Date by the New Value Contributor in an amount equal to the aggregate amount of any and all amounts to be paid on the Effective Date necessary to fund the Plan.

49. "**New Value Contributor**" shall mean the person that makes the New Value Contribution, which is proposed to be the Debtor's holder.

50. "**Net Operating Income**" means gross revenues derived from the Story Building Property, less operating expenses (including, without limitation, management fees of 6% of gross rental income and any and all payments required to be made under the plan which are not calculated as a factor of Net Operating Income); real and personal property taxes; depreciation (including, without

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

limitation, debt service to the extent not covered by depreciation); interest; and taxes attributable to taxable income generated.

51. **"Other Secured Claim"** shall mean any Secured Claims that are not otherwise expressly classified under the Plan.

52. **"Person"** shall mean any individual or entity.

53. **"Personal Property"** all property owned by the Debtor now or hereafter arising which under applicable law is not real property, and includes all tangible and intangible personal property.

54. **"Petition Date"** shall mean May 17, 2010.

55. **"Plan"** shall mean the "Chapter 11 Plan of Reorganization Proposed by Debtor, Story Building, LLC" filed by the Debtor, and any and all amendments, modifications and exhibits thereto.

56. **"Plan Default"** shall have the meaning set forth in Section V.B. of this Plan.

57. **"Proponent"** means the Debtor.

58. **"Priority Claim"** shall mean an Allowed Claim entitled to priority against the Estate under Bankruptcy Code sections 507(a)(4), 507(a)(5), or 507(a)(7). Priority Claims do not include any Claims incurred after the Petition Date.

59. **"Priority Tax Claims"** shall mean certain unsecured income, employment and other taxes described by Bankruptcy Code Section 507(a)(8). Priority Tax Claims do not include any Claim incurred after the Petition Date.

60. **"Priority Tax Claims Funding Amount"** shall have the meaning set forth it Section III.B.2 of this Plan.

61. **"Pro Rata"** shall mean with respect to a particular Class of Claims or Interests, the ratio that the amount of a particular Allowed Claim or Allowed Interest in the Class bears to the total amount of Allowed Claims or Allowed Interests in the Class.

62. **"Professional Fee Claim"** shall mean a Claim under Bankruptcy Code sections 327, 328, 330, 331, 503, or 1103 for compensation for professional services rendered or expenses incurred for which the Estate is liable for payment.

63. **"Reorganized Debtor"** means the Debtor on and after the Effective Date, after giving effect to the Plan.

64.    **"Rights of Action"** shall mean any and all Claims, demands, rights, actions, causes of action and suits of Debtor's Estate, of any kind or character whatsoever, known or unknown, suspected or unsuspected, whether arising prior to, on or after the Petition Date, in contract or in tort, at law or in equity or under any other theory of law, including but not limited to (1) rights of setoff, counterclaim or recoupment, and claims on contracts or for breaches of duties imposed by law, (2) the right to object to Claims or Interests, (3) claims pursuant to Section 362 of the Bankruptcy Code, (4) such claims and defenses as fraud, mistake, duress, usury, and, (5) all avoiding powers, rights to seek subordination and all rights and remedies under Sections 502 (d), 506, 510, 542, 544, 545, 547, 548, 549, 550, 551, 552 or 553 of any fraudulent conveyance, fraudulent transfer, or preference laws.

65.    **"Secured Claim"** means a Claim, including a Secured Tax Claim and Other Secured Claim, which is secured by a lien on the Debtor's Property.  A claim is a Secured Claim only to the extent of the value of the claimholder's interest in the collateral or to the extent of the amount subject to setoff, whichever is applicable, and as determined under Bankruptcy Code § 506(a).

66.    **"Secured Tax Claim"** shall mean a governmental unit's Secured Claim for unpaid taxes arising before the Petition Date.

67.    **"Story Building"** shall mean Story Building LLC, Debtor and Debtor in Possession.

68.    **"Story Building Property"** shall mean the building located in Downtown, Los Angeles, known as the Walter P. Story Building, located at 610 S. Broadway, owned and operated by the Debtor, and legally described in ***Exhibit "1"*** attached to the Disclosure Statement.

69.    **"U.S. Trustee"** shall mean the Office of the United States Trustee for the Central District of California.

70.    **"U.S. Trustee Fees"** shall mean fees or charges assessed against the Estate pursuant to 28 U.S.C. § 1930.

71.    **"USV"** shall mean US Volt,.

72.    **"Wells"** means Wells Fargo Bank, N.A., a National Banking Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2004-C-1, the holder of the first deed of trust against the Story Building Property.

I:\slf\20131 (Story Bldg)\Plan of Reorganization.doc

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

1       73.    "**Wells Reserve Deposit**" means the Cash account in the approximate amount of

2  $290,000 being held subject to the lien of Wells.

3       74.    "**Wells Collateral**" means any and all property securing the Secured Claim of Wells

4  pursuant to its pre-petition Loan Documents, including, without limitation, the Story Building

5  Personal Property and Wells Reserve Deposit.

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

## SCHEDULE II

### RULES OF CONSTRUCTION

1.    The rules of construction in Bankruptcy Code §102 apply to this Plan to the extent not inconsistent herewith.

2.    Bankruptcy Rule 9006(a) applies when computing any time period under the Plan.

3.    A term that is used in this Plan and that is not defined in this Plan has the meaning attributed to that term, if any, in the Bankruptcy Code or the Bankruptcy Rules.

4.    The definition given to any term or provision in the Plan supersedes and controls any different meaning that may be given to that term or provision in the Disclosure Statement.

5.    Whenever it is appropriate from the context, each term, whether stated in singular or the plural, includes both the singular and the plural.

6.    Any reference to a document or instrument being in a particular form or on particular terms means that the document or instrument will be substantially in that form or on those terms.  No material change to the form or terms may be made after the Confirmation Date without the consent of any party materially negatively affected.

7.    Any reference to an existing document means the document as it may be, amended or supplemented.

8.    Unless otherwise indicated, the phrase "under the Plan" and similar words or phrases refer to this Plan in its entirety rather than to only a portion of the Plan.

9.    Unless otherwise specified, all references to Sections are references to this Plan's sections.

10.    Unless otherwise specified, all references to Exhibits are references to the Exhibits to the Disclosure Statement.

11.    The words "herein," "hereto," "hereunder," and other words of similar import refer to this Plan in its entirety rather than to only a particular portion hereof.

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 51ST FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

I:\slf\20131 (Story Bldg)\Plan of Reorganization.doc

| In re:<br>STORY BUILDING, LLC,<br><br>                                     Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:10-bk-16614-ES |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

633 W. Fifth Street, 51st Floor, Los Angeles, California 90071

A true and correct copy of the foregoing document described **CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY DEBTOR, STORY BUILDING LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On November 12, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Sandford Frey          Sfrey@cmkllp.com
- Nancy S Goldenberg     nancy.goldenberg@usdoj.gov
- James Andrew Hinds     jhinds@jhindslaw.com
- Alan I Kaplan          alan@alanikaplan.com
- Stuart I Koenig        Skoenig@cmkllp.com
- Hal M Mersel           mark.mersel@bryancave.com
- U.S.. Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On November 12, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Erithe A. Smith (By U.S. Mail)
U.S. Bankruptcy Court
411 West Fourth Street, Suite 2030
Santa Ana, CA  92701-4593

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9013-3.1

| In re:<br>STORY BUILDING, LLC, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:10-bk-16614-ES |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 12, 2010 | Kelli Nielsen | |
|---|---|---|
| Date | Type Name | Signature |

## II. SERVED BY U.S. MAIL

**Debtor**

Story Building LLC
1 Charlotte
Irvine, CA 92603

**Other Party**

Richard Williamson, Esq.
Ezer & Williamson LLP
Del Amo Financial Center
21515 Hawthorne Blvd., Suite 1150
Torrance, California 90503

**Creditors**

Assessment Appeal Services LLC
11110 N. Tatum Blvd Ste 101
Phoenix, AZ 85028

Blackhawk Security Services Inc.
404 W 7th Street Suite 302
Los Angeles, CA 90014

Cal Star Security Inc
6051 Hollywood Blvd Suite 214
Los Angeles, CA 90028

Falcon Investment & Trades
3 Sevenoaks
Irvine, CA 92603

Liftech Elevator Services Inc
3286 E Willow St
Signal Hill, CA 90755

Alex Gilanians, Esq.
c/o Mega Commercial Construction Inc
100 W. Broadway, Ste. 1250
Glendale, CA 91210

US Volt
15302 Sutton St Suite C
Sherman Oaks, CA 91403

Wells Fargo Bank NA et al.
c/o Mark Mersel of Bryan Cave LLP
3161 Michelson Drive Suite 1500
Irvine, CA 92612

IRS
PO Box 21126
Philadelphia, PA 19114

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                        **F 9013-3.1**